IN RE ESTATE OF TYLER;
TYLER, APPELLANT, *v.*
TYLER ET AL., APPELLEES.

(No. 1384—Decided December 30, 1987.)

*Hugh E. Kirkwood* and *Charles Saunders,* for appellant.

*Benjamin Clark* and *Deborah D. Barrington,* for appellees.

ABELE, J. This is an appeal from a judgment of the Ross County Court of Common Pleas, Probate Division, adding the $21,166.45 balance of a savings account to the inventory of the Estate of Clarence Tyler, and deleting a 1983 Buick Regal automobile from the inventory. Clarence opened the savings account on May 10, 1974, with the Huntington National Bank, Chillicothe, Ohio. On August 30, 1974, he changed the account to a joint account with his son, appellant Roscoe L. Tyler.

On May 9, 1986, one day after Clarence died, Roscoe withdrew the $21,166.45 balance of the joint account. The probate court admitted Clarence's will for probate on June 10, 1986. After the payment of funeral expenses, burial expenses, and costs and taxes associated with the probate of the estate, the will devised everything to Roscoe. The will left nothing to Clarence's surviving spouse, appellee Dorothy L. Tyler, whom he remarried in 1972. Dorothy elected to take against the will on July 30, 1986.

The inventory of the estate listed only one asset — the 1983 Buick Regal automobile worth $6,375. Dorothy filed exceptions to the inventory on July 11, 1986. She argued that R.C. 2113.532(A) provides one automobile, not otherwise specifically disposed of by will, shall pass to the decedent's surviving spouse. She further argued that although Clarence held the savings account as a joint and survivorship account with Roscoe, Roscoe never asserted or attempted to assert any ownership interest over the account during Clarence's lifetime.

The court found Dorothy presented clear and convincing evidence to rebut the presumption that Clarence

intended a "present of personal interest in favor of Roscoe when the account was created." The court noted Clarence made all but one of the deposits and withdrawals to the account. Roscoe appealed.

We affirm.

### Assignment of Error I

"The trial court created reversable [*sic*] error in sustaining the exceptions to inventory."

Roscoe argues the evidence does not clearly and convincingly rebut the presumption that Clarence intended to create a true joint and survivorship account. Roscoe noted Clarence and Dorothy suffered from marital problems from 1974 until 1980. Clarence intentionally left nothing to appellee in his will, and Dorothy never saw the passbook. Dorothy, to the contrary, notes that when Roscoe needed money he did not help himself to the account but rather asked Clarence and Dorothy for a loan. She further notes Clarence made all but one of the deposits and withdrawals to the account since its creation in 1974.

In *In re Estate of Thompson* (1981), 66 Ohio St. 2d 433, 439, 20 O.O. 3d 371, 375, 423 N.E. 2d 90, 94, the court amended the analytic framework used in previous cases to ascertain the intent of the parties to joint and survivorship accounts. At paragraph two of the syllabus, the court held that sums remaining on deposit at the death of a party belong to the surviving party "unless there is clear and convincing evidence of a different intention at the time the account is created." The court noted that now the trial court must consider the treatment of the account both before and after the death of a party:

"Use of a rebuttable presumption offers a means by which the relationships of the parties to joint and survivorship accounts can be stabilized. To a certain extent, our earlier case law has done this, but because the presumption used failed to distinguish between the treatment of such accounts during the parties' lifetimes and the treatment of such accounts after the death of a party, the effort to effectuate intent was not entirely successful." *Id.* at 438, 20 O.O. 3d at 374, 423 N.E. 2d at 94.

The estate of a deceased party may rebut the presumption of survivorship by showing the "realities of ownership." In order to create a true joint and survivorship account, the creator must intend to transfer a present interest as well as a survivorship interest in the account to the other party. *Id.* at 439, 20 O.O. 3d at 375, 423 N.E. 2d at 94-95.

In *In re Estate of Thompson, supra,* the creator exhibited an intent to maintain control of his contributions to the account. He forbade the surviving party to make withdrawals. He maintained possession of the passbook. In the case at bar, Clarence likewise maintained possession of the passbook. Roscoe, with one exception, did not make deposits or withdrawals from the account. When he needed money, he did not take money from the account, but rather asked Clarence and Dorothy for loans. We conclude the court below correctly decided Dorothy presented clear and convincing evidence to rebut the presumption that the account belonged to Roscoe.

Appellant's assignment of error is overruled.

*Judgment affirmed.*

GREY, P.J., and STEPHENSON, J. concur.