ROSS, APPELLANT, *v.* THRIFT SAVINGS & LOAN COMPANY, APPELLEE, ET AL.

(No. C-880232—Decided October 11, 1989.)

ternational Ed. 1963), "effective" is a synonym for "operative."

*Richard E. Brown,* for appellant.

*Griffin & Fletcher* and *Michael C. Fletcher,* for appellee.

*Per Curiam.* The decision and judgment in this cause that had been placed of record on July 19, 1989, upon the original hearing of this case, was vacated by order of this court on September 1, 1989, in response to a motion that was treated as one filed pursuant to App. R. 26.

Plaintiff-appellant, Darlene Ross, filed a complaint against the defendants, Thrift Savings and Loan Company and Roy Kreissl, alleging that Thrift wrongfully paid money on Kreissl's behalf from a joint bank account. All parties filed motions for summary judgment. The trial court granted the plaintiff's motion against Kreissl, and entered judgment in favor of the plaintiff against him. The remaining motions were denied. The parties then submitted stipulations of fact, and the trial court entered judgment in favor of Thrift against the plaintiff. The plaintiff appealed the judgment against her.[1]

On appeal, the plaintiff raises five assignments of error questioning the trial court's judgment in favor of Thrift. For the reasons expressed herein, we reverse the judgment of the trial court and remand the cause for further proceedings.

The plaintiff and Kreissl were in the process of obtaining a divorce. They sold their marital residence and, upon the advice of counsel, deposited the proceeds of the sale into an account at Thrift which required both signatures for the withdrawal of funds. The money was to be kept until the domestic relations court ordered a distribution.

Prior to the decree of divorce, a creditor of Kreissl served him with a notice of garnishment for $8,235.25. Thrift responded to the creditor's garnishment questionnaire by stating that Kreissl had an account at Thrift in the amount of $32,583.30. Pursuant to the notice of garnishment, Thrift paid $8,235.25 into court.

Subsequently, the domestic relations court awarded Kreissl $2,234 out of the account at Thrift, with the balance to be paid to the plaintiff. Thrift paid Kreissl $2,234 and the plaintiff $22,581.54. The plaintiff seeks payment of the $8,235.25 she claims was wrongfully paid out of the account.

In her assignments of error, the plaintiff states the following:

"1. The trial court erred in ruling that either depositor in the two-signature account had a present, individual ownership interest in any account.

"2. The court erred in finding that the form of this account was to be treated as a joint account with rights of survivorship.

"3. The court erred in ruling that a garnishment creditor can reach funds which the individual depositor has no right to withdraw.

"4. The court erred in condoning the Answer of Garnishee filed by Thrift which disregarded the ownership interest of the other depositor in wanton and reckless disregard for the rights of the plaintiff, contrary to the contract executed by the parties and Thrift.

"5. The court erred in failing to render a decision on the factual and legal issues it tried upon evidence and in refusing to incorporate necessary findings in its findings of fact and conclusions of law when requested by the appellant."

---

[1] Kreissl filed a separate appeal from the judgment entered against him. This court affirmed the judgment of the trial court. *Ross* v. *Kreissl* (Jan. 11, 1989), Hamilton App. No. C-880230, unreported.

We address these assignments of error jointly.

In joint and survivorship contracts, both parties to the contract are rebuttably presumed to share equally in the funds on deposit. *Vetter* v. *Hampton* (1978), 54 Ohio St. 2d 227, 8 O.O. 3d 198, 375 N.E. 2d 804, paragraph six of the syllabus. The trial court relied upon this proposition to find that Kreissl and the plaintiff equally owned the money in the account at Thrift. However, it is the intent of the parties opening the account that determines whether a joint and survivorship account has actually been created. *Corrigan* v. *Coughlin* (1983), 11 Ohio App. 3d 176, 11 OBR 268, 463 N.E. 2d 1258. It is clear that Kreissl and the plaintiff did not intend to create a joint and survivorship account. Instead they intended to freeze the proceeds from the sale of their house pending an order of distribution from the domestic relations court. As such, each party conditionally had an undivided interest in each dollar in that account, but no right to withdraw any money until the court ordered distribution. They could not have been presumed to have shared equally in the funds.

An officer of Thrift was present at the closing on the parties' home and also at the opening of the account containing the proceeds from the sale. By virtue of the officer's attendance at these transactions, Thrift had knowledge of the type of account Kreissl and the plaintiff opened. Thrift also had knowledge of the interest of the respective parties in the account. In addition, the account in question specifically required the signature of both parties to withdraw funds. Accordingly, Thrift knew that neither party had the right to withdraw money from the account.

Despite this knowledge, Thrift responded to a garnishment questionnaire, incorrectly stating that Kreissl had over $32,000 in an account with it. Thrift's negligence in answering the questionnaire resulted in an order of garnishment on the account opened by Kreissl and the plaintiff. Thrift then paid $8,235.25 into court pursuant to the garnishment order to satisfy a debt owed by Kreissl.

We find that Thrift wrongfully paid money from the account of Kreissl and the plaintiff in response to the garnishment order. The express terms of the account required two signatures for the withdrawal of money, but the money was paid into court without the plaintiff's consent. In addition, Thrift had knowledge of the status of the account and that ownership rights were to be determined by the domestic relations court, and yet paid out money on Kreissl's behalf that Kreissl could not withdraw. Finally, the garnishment order was based upon Thrift's negligence in responding to a questionnaire. Thrift wrongfully disbursed the plaintiff's money and is, therefore, liable to the plaintiff for the amount paid on Kreissl's behalf.

We sustain the plaintiff's assignments of error, reverse the judgment of the trial court, and remand the cause for further proceedings in accordance with this decision.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., HILDEBRANDT and UTZ, JJ., concur.