CORK, EXECUTRIX, APPELLANT, *v.* BRAY, APPELLEE.

[Cite as Cork *v.* Bray (1990), 52 Ohio St. 3d 35.]

(No. 89-717—Submitted April 10, 1990—Decided June 13, 1990.)

*Caldwell & Thornton* and *A. Clifford Thornton,* for appellant.

*Mull & Associates Co., L.P.A.,* and *Donald P. Mull,* for appellee.

*Per Curiam.* The issue before us in this case is whether appellant presented sufficient evidence in the probate court to rebut the presumption of a right to survivorship in appellee by showing that Sallie Tyner created the joint and survivorship account merely for her own convenience. We are unable to conclusively answer such query, however, due to the state of the record before us. While we concur in the court of appeals' holding that the referee's conclusions of law herein were not supported by the facts as set forth in the referee's report, and thus should not have been adopted by the trial court, we must reverse the entry of judgment by the court of appeals in favor of appellee, and remand the cause to the probate court for its determination of the factual issue of Sallie Tyner's intent in creating this account.

As a preliminary matter, appellee, in his first proposition of law, renews

his motion to dismiss this appeal on the grounds that appellant failed to comply with Sections 4 and 6, Rule II of the Rules of Practice of the Supreme Court. The record reveals that appellant timely filed her notice of appeal with the court of appeals on April 27, 1989, and filed a copy of such notice in this court on May 2, 1989 — well within the thirty-day period required by Section 1(B), Rule I of the Rules of Practice of the Supreme Court. However, appellant's memorandum in support of jurisdiction was not filed in this court until May 26, 1989, contrary to Section 5, Rule II, which provides:

"Twelve copies of such memorandum, together with proof of service of copies thereof on all other parties or their attorneys of record, must be filed in the Supreme Court *at the same time that the notice of appeal is filed therein* pursuant to Rule I, Section 1(B)." (Emphasis added.)

Appellee thus had grounds for his motion, filed June 1, 1989, to strike or dismiss this appeal due to appellant's technical violation of this court's Rules of Practice. The rules require an appellant to *contemporaneously* file, not later than thirty days after the timely filing of a notice of appeal in the court of appeals: (1) a copy of such notice of appeal; and (2) twelve copies of the memorandum in support of jurisdiction.

However, we overrule appellee's renewed motion to dismiss. The failure to contemporaneously file the memorandum with a copy of the notice of appeal is not a jurisdictional defect and thus dismissal is not required. See *Riley* v. *Montgomery* (1984), 11 Ohio St. 3d 75, 76, 11 OBR 319, 320, 463 N.E. 2d 1246, 1247. Moreover, appellant here complied with the spirit, if not the letter, of Section 5, Rule II, as the copies of the memorandum in support were filed within the thirty-day

period provided in Section 1(B), Rule I, and contained an additional copy of the notice of appeal.

We now turn to the merits of the instant appeal.

The law applicable to the disposition of funds in a joint and survivorship account was set forth in *In re Estate of Thompson* (1981), 66 Ohio St. 2d 433, 20 O.O. 3d 371, 423 N.E. 2d 90, at paragraphs one and two of the syllabus:

"A joint and survivorship account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent.

"Sums remaining on deposit at the death of a party to a joint and survivorship account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created. * * *"

Joint and survivorship accounts create by contract both a survivorship interest and a present joint interest. *Id.* at 436, 20 O.O. 3d at 373, 423 N.E. 2d at 93; *Union Properties, Inc.* v. *Cleveland Trust Co.* (1949), 152 Ohio St. 430, 433-434, 40 O.O. 425, 427, 89 N.E. 2d 638, 640. The presumption of equal ownership of the funds on deposit may be rebutted by a showing of the " 'realities of ownership.' " *Thompson, supra.*

In *Thompson,* this court reviewed the "realities of ownership" as presented in evidence to the probate court referee: the appellee husband forbade his wife from making any withdrawals from the account; he maintained possession of the passbooks; and he stated at the hearing that the money was being held for use in the event of his death or illness. The *Thompson* court held that such

evidence demonstrated that the husband exerted exclusive ownership over the account, and that the proportion of the account attributable to the husband's contributions belonged solely to him. *Id.* at 439-440, 20 O.O. 3d at 375, 423 N.E. 2d at 95.

The *Thompson* court also cited two "realities of ownership" cases which appellant claims to be controlling here. In *In re Estate of Svab* (1967), 11 Ohio St. 2d 182, 40 O.O. 2d 166, 228 N.E. 2d 609, we held that a survivorship interest was not created where the evidence showed that the daughter's name had been added to the account *solely* as a matter of convenience to her mother, Josephine Svab, who had defective vision. *Id.* at 184, 40 O.O. 2d at 168, 228 N.E. 2d at 611. This court placed the burden on the daughter "to show that the decedent intended to transfer an interest in the accounts to her[,]" and held that, standing alone, the bank signature cards did not constitute sufficient evidence of such intent to sustain her burden. *Id.* at 184-185, 40 O.O. 2d at 168, 228 N.E. 2d at 611.

Similarly, in *Union Properties, supra,* this court affirmed a determination that the sole depositor to the account had exclusive ownership of the funds, where the evidence showed the depositor's husband's name was also on the account merely because an injury prevented the depositor from going to the bank.

In the present case, the only issue is whether appellant met her burden by presenting clear and convincing evidence that Mrs. Tyner did not intend to leave the account funds to the named survivor — appellee — but instead opened the account solely for her convenience, intending the funds to remain in her estate at her death. The referee, in her second report, concluded that appellant had met her burden, and that the account was merely one of

convenience. This conclusion was supported by only six relevant findings of fact stated in the report: (1) the Cork account was one of convenience, and when Cork could no longer assist Tyner, Cork suggested Bray be named in her place; (2) Bray made numerous deposits of Sallie Tyner's money into the account on her behalf; (3) Bray made no contributions of his own money into the account; (4) Bray made no withdrawals from the account; (5) Tyner maintained possession of the bankbook, except when he was hospitalized; and (6) Tyner asked Bray to assist her in transferring funds from another account into the account at issue here, because she wanted all "her money" in one bank.

The probate court adopted the referee's conclusion, and the court of appeals reversed, holding the conclusion that the account was merely one of convenience was not supported by the referee's statement of facts, and thus the report was insufficient as a matter of law. We concur in this conclusion. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. * * *" *Cross* v. *Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 364, 120 N.E. 2d 118, 123. The referee's statement of facts fails to establish "a firm belief or conviction" as to Sallie Tyner's *intent,* at the time the account was created, in adding her brother's and appellee's name to the joint and survivorship account here. The court of appeals properly reversed the lower court's judgment.

The court of appeals erred, however, in entering judgment in favor of appellee. In *Normandy Place Associates* v. *Beyer* (1982), 2 Ohio St. 3d 102, 2 OBR 653, 443 N.E. 2d 161, paragraph two of the syllabus, this court held that "[e]ven in the absence

of any objection to a referee's report, the trial court has the responsibility to critically review and verify to its own satisfaction the correctness of such a report." We impliedly determined that the trial court had failed to make such a review in that case, and affirmed the court of appeals' reversal. However, the court of appeals in *Beyer* proceeded to examine the record on its own and entered judgment for appellee. We reversed this disposition and remanded the cause to the trial court, stating:

"* * * The fact that the referee misstated the prevailing law, however, did not entitle appellee 'to have judgment or final order rendered in [its] favor *as a matter of law*' within the meaning of App. R. 12(B). [Footnote omitted.] Whether the parties intended a contract remains a factual question, not a legal one, and as such is an issue to be resolved by the finder of fact. *Arnold Palmer Golf Co.* v. *Fuqua Industries, Inc.* (C.A.6, 1976), 541 F. 2d 584, 588. App. R. 12(B) does not authorize a reviewing court to reverse the decision of a trial court and enter final judgment under these circumstances." (Emphasis *sic*.) *Id.* at 106, 2 OBR at 656, 443 N.E. 2d at 164.

We reach a similar conclusion here. The record reveals that conflicting evidence regarding Sallie Tyner's intent in creating this joint and survivorship account was certainly presented below. The issue of whether the account was created merely for her own convenience remains a factual question to be resolved by the trial court — not by an appellate court — under these circumstances.

Accordingly, the entry of judgment in favor of appellee is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., and DOUGLAS, J., concur in part and dissent in part.

DOUGLAS, J., concurring in part and dissenting in part. I concur in the judgment of the majority in reversing the judgment of the court of appeals. I dissent, however, from the disposition of the majority in remanding the matter to the trial court for further proceedings. I would reinstate the judgment of the trial court. The referee's report was complete and, even if it were not, the trial court made its decision by weighing the evidence before it and by properly applying *In re Estate of Thompson* (1981), 66 Ohio St. 2d 433, 20 O.O. 3d 371, 423 N.E. 2d 90. What more are we asking the trial court to do?

MOYER, C.J., concurs in the foregoing opinion.