**OFFRET, Exr., Appellee,**

v.

**DiDOMENICO et al., Appellants.**

[Cite as *Offret v. DiDomenico* (1993), 88 Ohio App.3d 63.]

Court of Appeals of Ohio,
Summit County.

No. 15983.

Decided May 26, 1993.

64

*John Herman,* for appellee.

*Beverly Rose,* for appellants.

Cook, Presiding Judge.

Henry J. DiDomenico ("Henry") and Evelyn L. Carano ("Evelyn") appeal from the judgment of the Summit County Court of Common Pleas, Probate Division, that the funds from a certain joint and survivorship bank account are assets of the estate of Viola M. Offret ("Viola" or "decedent"). We affirm.

In 1983, Viola opened a savings account at the First National Bank, with an initial deposit of $16,500. Henry and Evelyn, Viola's siblings, were named on the account as joint owners with right of survivorship. The $16,500 was a gift from the decedent's parents. Similar gifts were made to Henry and Evelyn, each of whom opened savings accounts at First National Bank, naming the other siblings as joint owners with right of survivorship. Viola made two withdrawals from her account. Viola's siblings made similar withdrawals from their respective accounts. At no time did Henry or Evelyn withdraw from Viola's account.

The day after Viola's death in 1992, Henry withdrew the money from Viola's account and he and his sister divided it equally. John A. Offret ("executor"), Viola's husband and sole beneficiary of Viola's estate, filed a complaint for declaratory judgment asking the court to declare that the funds from the savings account are assets of Viola's estate and to order Henry and Evelyn to pay the amounts from the account into the estate. The court so ordered and Henry and Evelyn appeal asserting two assignments of error.

## Assignment of Error I

"The trial court erred in finding that the appellee had proven by clear and convincing evidence that the appellants and Viola Offret, deceased, did not intend nor did create a valid joint and survivorship account at the inception of First National Bank Account No. 90–5905–9184 and that, therefore, the right of survivorship claimed by appellants fails, such finding being against the manifest weight of the evidence."

Sums remaining on deposit at the death of an owner of a joint and survivorship account belong to the surviving party as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created. *In re Estate of Thompson* (1981), 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, paragraph two of the syllabus. " 'Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established.' " *Cork v. Bray* (1990), 52 Ohio St.3d 35, 38, 555 N.E.2d 936, 939, quoting *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 364, 120 N.E.2d 118, 123.

█ Creation of a joint and survivorship account raises a rebuttable presumption that the parties to the account share equally in the ownership of the deposited funds, allowing the presumption to be rebutted by a showing of the "realities of ownership." *Cork, supra,* 52 Ohio St.3d at 37, 555 N.E.2d at 939; *Thompson, supra,* 66 Ohio St.2d at 436, 20 O.O.3d at 373, 423 N.E.2d at 93. The creator must intend to transfer a *present interest* as well as a survivorship interest in the account to the other party. *Id.* at 439, 20 O.O.3d at 375, 423 N.E.2d at 94. If the intent to transfer a present interest to the named survivors at the making of the contract is lacking, it will reduce the account to one of convenience only, and no survivorship right will be found. *Cork, supra,* 52 Ohio St.3d at 38, 555 N.E.2d at 939. Therefore, it is the intent of the party or parties opening the account that is controlling. *Ross v. Thrift S. & L. Co.* (1989), 60 Ohio App.3d 94, 96, 573 N.E.2d 788, 790.

█ In this case, the trial court determined that there was clear and convincing evidence that Viola did not intend to create a present interest in Henry and Evelyn. The trial court stated:

"Based on all evidence submitted, this Court finds no evidence to suggest that there was ever an intent on the part of the decedent to transfer a present interest to Henry or Evelyn. Indeed, the evidence clearly suggests just the opposite, that the parties in question set up three separate accounts with the sole intent of providing for their parents and naming each other as survivor for the sake of convenience."

We agree with the trial court. The parents gave each child a gift of $16,500. Each child put his or her gift into an account naming the other siblings as joint owners with right of survivorship. The source of the funds in Viola's account was the money given to her by her parents. Henry and Evelyn never added to or withdrew from Viola's account. The evidence showed that it was understood that withdrawals would not be made from Viola's account without approval from Viola and she never gave her siblings such approval. Furthermore, Viola maintained sole possession of her passbook.

The present case is similar to *Pontius v. Nadolske* (1989), 65 Ohio App.3d 522, 584 N.E.2d 1228, and *In re Estate of Tyler* (1987), 42 Ohio App.3d 123, 536 N.E.2d 1188. In both of those cases the court found clear and convincing evidence that the decedent did not intend to create a present interest in the account in the named survivor. Among the factors considered was that the survivor did not, or was not permitted to, make withdrawals, and the decedent maintained possession of the passbook. *Pontius, supra,* 65 Ohio App.3d at 526, 584 N.E.2d at 1230; *Tyler, supra,* 42 Ohio App.3d at 124, 536 N.E.2d at 1189.

Given the circumstances of this case, we conclude that there was competent and credible evidence supporting the lower court's judgment. We, therefore, will not substitute our judgment for the trial court's or reverse the judgment as being against the manifest weight. *Pontius, supra,* 65 Ohio App.3d at 527, 584 N.E.2d at 1230, citing *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273.

The first assignment of error is overruled.

### Assignment of Error II

"The trial court erred in finding there was no intent to create a joint and survivorship account by relying on events which occurred after the death of Viola Offret, a named beneficiary of the account."

Henry and Evelyn argue that the court erred by considering evidence that after Viola's death Henry withdrew the money from Viola's account, split the money with Evelyn and then deposited his half of the money into a joint account with his wife. They claim that since the facts relating to *creation* of the account are the focus of the legal analysis, it was error to consider facts occurring after the depositor's death. The trial court, however, did not consider Henry's transaction after Viola's death for purposes of determining the parties' intent when creating the account. Rather, the court allowed this evidence to rebut Henry's assertion that the account arrangement with his sisters was intended to benefit only the three siblings and the parents. The court stated:

"Mr. DiDomenico's actions do not support his assertion of the contractual intent to benefit only he and his siblings and his parents. From the defendants' action of splitting the proceeds of Viola's account, the conclusion must be drawn that either there was no agreement to benefit only the siblings and parents as described, or the agreement was ignored."

We do not find the court's consideration of this evidence in assessing Henry's credibility to be error.

The second assignment of error is overruled.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.