{¶ 67} I respectfully dissent, as the trial court appropriately denied a directed verdict in this case.
 {¶ 68} Although the majority is correct that "[a] joint and survivorship account belongs, during the lifetime of the parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent[,]" In re Estate of Thompson
(1981), 66 Ohio St.2d 433, paragraph one of the syllabus, an initial presumption is overlooked.[20] There is a rebuttable presumption of equal ownership until actual ownership is proven. "Joint and survivorship accounts create by contract both a survivorship interest and a present joint interest. The presumption of equal ownership of the funds on deposit may be rebutted by a showing of the `realities of ownership.'" (Citations omitted.) Cork v. Bray (1990), 52 Ohio St.3d 35, 37. Consequently, the Cowlings were presumed to own their accounts equally during their lifetime. This presumption could have been overcome by appellant showing the actual realities of ownership, but appellant offered no evidence in this vein. As such, the presumption of equal ownership is sufficient if not rebutted to withstand a motion for a directed verdict.
 {¶ 69} Even if the rebuttable presumption was not in place, there was sufficient evidence presented at trial to show actual ownership interests based on contributions. The evidence demonstrated that Grace earned 62% of the couple's wages during the marriage. In addition, Grace and Garnard sold two main assets during their marriage: sale of Amherst Manor stock, 88% of which was owned by Grace, and sale of their residence, which they owned equally. After review of the couple's financial records over the years, Grace's expert at trial testified that 16% of the joint assets could be attributed to Garnard's contribution and 84% to Grace's contribution. The expert based his opinion on increases in investment income that increased in the same years as the sale of the Amherst Manor stock and the sale of their residence.
 {¶ 70} The majority is correct that there is not an exact dollar by dollar, deposit by deposit tracing of the funds, but circumstantial evidence like that presented here is sufficient on a motion for a directed verdict when the evidence must be construed most strongly in favor of Grace.
 {¶ 71} Perhaps the most important point to remember though is that a constructive trust is an equitable remedy. A jury here found that Grace was taken advantage of by her own husband when she was too weak in mind and health to do anything about it. Although the undisputed evidence was that Grace earned 62% of the couple's wages and owned 88% of the couple's major asset that was sold during the marriage, she received nothing and now her children will receive nothing. I respectfully dissent.
[20] This initial presumption is critical, as a starting point must be established to determine the ownership of joint funds. Otherwise, how would funds be divided in a joint account where neither side could demonstrate actual net contributions?