[Cite as *In re McCauley*, 2012-Ohio-4709.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE: ESTATE OF
CLETUS P. MCCAULEY, DECEASED

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.

Case No. 2011CA00272

O P I N I O N

CHARACTER OF PROCEEDING:
Appeal from the Court of Common Pleas, Probabte Divison, Case Nos. 204989 and 209055

JUDGMENT:
Affirmed

DATE OF JUDGMENT:
October 9, 2012

APPEARANCES:

For Paula A. Clark

CRAIG T. CONLEY
604 Huntington Plaza
220 Market Avenue South
Canton, OH 44702

For Philip S. Kaufmann

TERRENCE L. SEEBERGER
3475 Ridgewood Road
Akron, OH 44333

For Estate of Cletus P. McCauley &
Trustee of the McCauleys' Trust

JOHN R. FRANK
T.K. Harris Building
Suite 102A
3930 Fulton Drive, NW
Canton, OH 44718

*Farmer, J.*

{¶1} On December 23, 2008, Cletus McCauley passed away. An estate was opened (Case Nos. 204989 and 209055), and decedent's daughter, appellant, Paula Clark, was named executrix of the estate. Prior to his death, Mr. McCauley, together with his wife Mary who passed away on August 9, 2008, executed an irrevocable special needs trust for the benefit of their son, Kevin McCauley (hereinafter "McCauley Trust"). Appellant was named successor trustee of the McCauley Trust after replacing a nephew who was removed due to health problems.

{¶2} On April 8, 2009, appellee, Philip Kaufmann, as Guardian of the Estate of Kevin McCauley (Case No. 205029), filed exceptions to the inventory asserting that appellant had failed to list certain estate assets, namely, seven joint and survivorship accounts, four with Charter One Bank and three with Huntington Bank.

{¶3} Appellant was removed as executrix on July 13, 2010 and replaced with John Frank, Esq. on July 28, 2010 (Case No. 209512). Mr. Frank was also named successor trustee of the McCauley Trust on November 18, 2010 (Case No. 208532).

{¶4} Following his appointment, Mr. Frank discovered appellant's attorney, Craig Conley, had represented the Estate of Cletus McCauley and the McCauley Trust on prior occasions. On October 27, 2011, the Estate of Cletus McCauley and the McCauley Trust filed a motion to disqualify Attorney Conley as appellant's counsel. By judgment entry filed October 28, 2011, the trial court denied the motion.

{¶5} A hearing on the exceptions to the inventory was held on November 8, 2011. By judgment entry filed November 17, 2011, the trial court concluded $10,000

withdrawn from two of the Charter One Bank accounts by appellant the day before decedent's death and the three Huntington Bank accounts were estate assets.

{¶6} Appellant filed an appeal on December 8, 2011 and assigned the following error:

I

{¶7} "THE TRIAL COURT ERRED IN FINDING THAT THE SUBJECT THREE HUNTINGTON BANK JOINT AND SURVIVORSHIP ACCOUNTS WERE ESTATE ASSETS."

{¶8} Appellee Frank, as Administrator of the Estate of Cletus McCauley and Successor Trustee of the McCauley Trust, filed an appeal on December 15, 2011 and assigned the following errors:

FRANK CROSS-ASSIGNMENT OF ERROR I

{¶9} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT AWARDED SOME OF THE DECEDENT'S BANK ACCOUNTS TO THE APPELLANT-CROSS-APPELLEE, BECAUSE ALL OF THE DECEDENT'S BANK ACCOUNTS BELONGED TO HIS DECEDENT ESTATE."

FRANK CROSS-ASSIGNMENT OF ERROR II

{¶10} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, AND ABUSED ITS DISCRETION WHEN IT OVERRULED THE CROSS-APPELLANTS' MOTION TO DISQUALIFY THE ATTORNEY OF THE APPELLANT/CROSS-APPELLEE, WHO HAD PREVIOUSLY REPRESENTED THE CROSS-APPELLANTS IN THE IDENTICAL MATTER."

{¶11} Appellee Kaufmann, as Guardian of the Estate of Kevin McCauley, filed an appeal on December 19, 2011 and assigned the following error:

KAUFMANN CROSS-ASSIGNMENT OF ERROR I

{¶12} "THE PROBATE COURT ERRED BY FAILING TO HOLD THAT THE FOUR CHARTER ONE BANK ACCOUNTS WERE PROPERTY OF THE ESTATE."

{¶13} This matter is now before this court for consideration.

I

{¶14} Appellant claims the trial court erred in determining the three Huntington Bank accounts were not joint and survivorship accounts and were therefore estate assets as she sufficiently rebutted the presumption of undue influence and impropriety. We disagree.

{¶15} The leading authority on joint and survivorship accounts is the case of *Wright v. Bloom,* 69 Ohio St.3d 596, 1994-Ohio-153.  In *Wright* at syllabus*,* the Supreme Court of Ohio held the following:

{¶16} "1. The survivorship rights under a joint and survivorship account of the co-party or co-parties to the sums remaining on deposit at the death of the depositor may not be defeated by extrinsic evidence that the decedent did not intend to create in such surviving party or parties a present interest in the account during the decedent's lifetime.

{¶17} "2. The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of his or her intention to transfer to the surviving party or parties a survivorship interest in the balance remaining in the account at his or her death.  (*In re*

*Estate of Thompson* [1981], 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, paragraph two of the syllabus, overruled.)

{¶18} "3. The opening of a joint or alternative account without a provision for survivorship shall be conclusive evidence, in the absence of fraud or mistake, of the depositor's intention not to transfer a survivorship interest to the joint or alternative party or parties in the balance of funds contributed by such depositor remaining in the account at his or her death.  Such funds shall belong in such case exclusively to the depositor's estate, subject only to claims arising under other rules of law.  (*Bauman v. Walter* [1953], 160 Ohio St. 273, 52 O.O. 172, 116 N.E.2d 435, overruled in part)."

{¶19}  Appellant testified decedent was "no different than he was ever was" and he was "completely competent and he was stubborn as a mule and whatever went, he said, it went, was his way."  T. at 130-131.  Shirley Howes, decedent's attorney, testified decedent was "very competent" and she did not see any indications of decedent drinking or showing any signs of dementia.  T. at 147-149.  Two long time friends of decedent, Robert Minster and James Ward, testified decedent was competent and not subject to undue influence.  T. at 227-230, 239-240.  Decedent's doctor, Michael Tirmonia, testified decedent was of sound mind and there were no indications that he was under any undue influence.  Tirmonia T. at 5-13.  However, evidence was presented via the testimony of decedent's former attorney, Elizabeth Burick, who met with decedent shortly after his wife's death, that he "was not himself" and was not "in the right frame to make dramatic changes to an estate plan."  T. at 67-68.

{¶20} Appellant argues the cited testimony meets and overcomes the presumption via *Wright*.  However, decedent did not open the Huntington Bank

accounts as the accounts were set up by appellant via a power of attorney. The power of attorney established a fiduciary relationship between appellant and decedent. In its judgment entry filed November 17, 2011, the trial court explained the relationship and standard to be used as follows:

{¶21} "The holder of a power of attorney has a fiduciary relationship with the principal. The relationship is 'one in which a special confidence and trust is reposed in the integrity and fidelity of another***by virtue of this special trust.' *Stone v. Davis* (1981), 66 Ohio St. 2d 74. The person who holds the power of attorney bears the burden of proof on the issue of the fairness of the transaction. *Testa v. Roberts* (1988), 44 Ohio App. 3d 161. When a fiduciary relationship exists between a creator of a joint and survivorship account and a surviving beneficiary, there is a suspicion that the transaction resulted from undue influence, and a presumption of undue influence arises. See *In re Scott* (1996), 111 Ohio App. 3d 373; *Studniewski v. Krzyzanowski* (1989), 65 Ohio App. 3d 628. Once this presumption arises, the burden of going forward with evidence shifts to the beneficiary to show that his conduct has been free of undue influence or fraud. *Studniewski,* supra. The beneficiary must rebut the presumption by a preponderance of the evidence. *Krichbaum v. Dillon* (1991), 58 Ohio St. 3d 58.

{¶22} "Where funds are transferred into accounts under a power of attorney, the *Wright* presumption applies only to the funds that the owner of the funds knew to be in survivorship accounts. *Gotthardt v. Candle* (1999), 131 Ohio App. 3d 831; and *In re Estate of Case* (Apr. 3, 1998), Montgomery App. No. 16747.

{¶23} "***

{¶24} "The Court finds that Paula A. Clark, in her fiduciary capacity as attorney-in-fact, established the bank accounts at Huntington Bank naming herself as a joint tenant with right of survivorship and that there's a presumption of undue influence and impropriety. The Court finds that Paula A. Clark has failed to rebut the presumption of undue influence and impropriety in establishing the Huntington Bank accounts by a preponderance of the evidence."

{¶25} The power of attorney in this case (Exhibit A) is broadly written, but does not provide for the right to make gifts. As this court stated in *Matter of Estate of Cunningham* (October 25, 1989), Knox App. No. 89-CA-10, the effect of establishing a fiduciary relationship via a power of attorney forestalls the gift of a decedent's funds to the fiduciary or the establishment of a joint and survivorship account using the power of attorney.

{¶26} Upon review, we find the trial court did not err in finding the three Huntington Bank accounts were estate assets.

### FRANK & KAUFMANN CROSS-ASSIGNMENTS OF ERROR I

{¶27} Appellees claim the trial court erred in finding the four Charter One Bank accounts were joint and survivorship accounts and were not estate assets. We disagree.

{¶28} Appellees argue appellant's action in withdrawing $10,000 from two of the Charter One Bank accounts the day before decedent's death established a presumption of fraud and a violation of her fiduciary duty as a power of attorney.

{¶29} The *Wright* presumption attaches to the Charter One Bank accounts because they were not established via a power of attorney. See, *Wright* at paragraphs

one and two of the syllabus cited supra. The power of attorney was not created until August 18, 2008, after the Charter One Bank joint and survivorship accounts were created. T. at 92-94, 99.

{¶30} The Charter One Bank accounts were in decedent's and his wife's name until August 14, 2008, five days after Mary's death. T. at 93. Decedent was present at the bank and executed the change of the accounts to his name and appellant's name, joint and survivorship. T. at 94.

{¶31} In *Wright* at 603 and 604, respectively, the Supreme Court of Ohio sought to bring to arrest the challenges concerning the joint and survivorship accounts:

{¶32} "***The presumption of ownership during lifetime serves to establish the depositor's intention to retain control over the funds he or she deposits in a joint and survivorship account. Yet, despite this fact, the survivorship presumption serves to establish the surviving party's right to the sums remaining on deposit at the depositor's death as against the estate of the depositor. Thus, the presumptions are designed to enforce the rights of the survivor while at the same time allowing the depositor to retain control over the account during his or her lifetime. It is inconsistent with this design to allow the surviving party's rights to be defeated by the very same evidence of depositor control that is assumed in the lifetime presumption. Further, this comports with our statement in *Cork v. Bray* (1990), 52 Ohio St.3d 35, 38, 555 N.E.2d 936, 939, that '[i]n the present [survivorship] case, the *only* issue is whether appellant met her burden by presenting clear and convincing evidence that [the depositor] did not intend to leave the account funds to the named survivor***but instead opened the account solely for her

convenience, *intending the funds to remain in her estate at her death.'* (Emphasis added.)

{¶33} "***

{¶34} "If there is one thing that is clear from reviewing the foregoing cases, it is that our efforts to determine survivorship rights by a *post-mortem* evaluation of extrinsic evidence of depositor intent are flawed to the point of offering no predictability. Regardless of the depositor's true motivation in opening a joint and survivorship account, he or she simply cannot be certain of how his or her lifetime actions will be construed in regard to transferring survivorship rights. Only when the depositor knows that the terms of the contract will be conclusive of his or her intent to transfer a survivorship interest will the depositor be able to make an informed choice as to whether to utilize the joint and survivorship account."

{¶35} Decedent personally changed the Charter One Bank accounts to joint and survivorship accounts with appellant. Competent evidence was not presented to rebut the presumption other than Attorney Burick's opinion that it was too soon after Mary's death for decedent to make changes.

{¶36} Despite appellees' arguments that a fiduciary relationship existed at the time of the opening of the Huntington Bank accounts, no fiduciary relationship existed at the time of the changes made to the Charter One Bank accounts until four days later.

{¶37} Upon review, we find the trial court did not err in not including the Charter One Bank accounts in the estate assets.

{¶38} Frank and Kaufmann Cross-Assignments of Error I are denied.

FRANK CROSS-ASSIGNMENT OF ERROR II

{¶39} Appellee Frank claims the trial court erred in denying the motion to remove Attorney Conley from representing appellant as Attorney Conley had represented the estate and the McCauley Trust in a "limited appearance" for mediation conferences on the joint and survivorship accounts and owed a fiduciary duty to his former clients. We disagree.

{¶40} Prof.Cond.R. 1.9 governs duties to former clients and states the following:

{¶41} "Unless the former client gives *informed consent, confirmed in writing,* a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a *substantially related matter* in which that person's interests are materially adverse to the interests of the former client."

{¶42} In *Estate of Grilli v. Smith,* Fairfield App. No. 07-CA-51, 2008-Ohio-3126, ¶55-58, this court explained the following:

{¶43} "This Court reviews a trial court's decision to disqualify a party's counsel under an abuse of discretion standard. *155 N. High Ltd. v. Cincinnati Ins. Co.*(1995), 72 Ohio St.3d 423, 426, 650 N.E.2d 869. An abuse of discretion implies the trial court's attitude in reaching its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. However, disqualification of an attorney is a drastic measure which should not be imposed unless absolutely necessary. *Kala v. Aluminum Smelting & Refining Co., Inc.*(1998), 81 Ohio St.3d 1, 6, 688 N.E.2d 258, citing *Freeman v. Chicago Musical Instrument Co.* (C.A.7, 1982), 689 F.2d 715, 721. 'Disqualification, therefore, "should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a

significant risk of trial taint".' *Spivey v. Bender* (1991), 77 Ohio App.3d 17, 22, 601 N.E.2d 56, quoting *Glueck v. Jonathan Logan, Inc.* (C.A.2, 1981), 653 F.2d 746, 748.

{¶44} "When ruling on a motion for disqualification, a trial court must consider the facts in light of the following three-part test, and determine whether:

{¶45} " '(1) A past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification.' *Phillips v. Haidet* (1997), 119 Ohio App.3d 322, 325, 695 N.E.2d 292, quoting *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio* (C.A.6, 1990), 900 F.2d 882, 889.

{¶46} "The test is commonly referred to as the *Dana* test."

{¶47} Attorney Conley filed a "limited notice of appearance" on August 1, 2009 stating the following:

{¶48} "Now comes the undersigned, Attorney Craig T. Conley, and hereby respectfully gives notice of his appearance in the above-captioned actions for the limited purpose of participating in Mediation on behalf of and as counsel for Paula A. Clark in her capacities as Executrix and Trustee.

{¶49} "The undersigned is not herewith otherwise appearing herein, but may do so at a future date."

{¶50} On December 15, 2009, appellant, as executrix of the estate, made application for Attorney Conley to be paid attorney fees from the estate "because he was retained to represent the estate in the mediations only and not in administration of the estate." Apart from Attorney Conley's assertions that his representation was for a

"limited" appearance, he signed, as co-counsel with Shirley Howes, as counsel for the executrix of the estate (appellant) on numerous pleadings.

{¶51} With the removal of appellant as executrix on July 13, 2010, the estate was no longer represented by Attorney Conley.

{¶52} At first blush, one might agree with the motion to disqualify Attorney Conley, however, it is clear that Attorney Conley's representation was of appellant as executrix and not the administration of the estate. In truth, the items now subject to review are this appeal and the final accounting of the newly appointed executor. We fail to find any personal attorney-client knowledge that exists to the benefit of Attorney Conley.

{¶53} Upon review, we find the trial court did not abuse its discretion in denying the motion to disqualify Attorney Conley.

{¶54} Frank Cross-Assignment of Error II is denied.

{¶55} The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.


_s / Sheila G. Farmer_____


_s / William B. Hoffman_____


_s / Julie A. Edwards_____

JUDGES


SGF/sg 829

[Cite as *In re McCauley*, 2012-Ohio-4709.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE: ESTATE OF CLETUS P.     :
MCCAULEY, DECEASED            :
                              :          JUDGMENT ENTRY
                              :
                              :
                              :
                              :          CASE NO. 2011CA00272

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is affirmed. Costs to be paid half by appellant and the other half to be shared equally between appellees Estate of Cletus P. McCauley, John R. Frank, Successor Trustee of the Cletus P. and Mary A. McCauley Irrevocable Trust, and Philip S. Kaufmann.


_s / Sheila G. Farmer_____


_s / William B. Hoffman_____


_s / Julie A. Edwards_____

JUDGES