VISTULA MANAGEMENT COMPANY, Appellant,

v.

NEWSON, Appellee.

[Cite as *Vistula Mgt. Co. v. Newson* (1997), 120 Ohio App.3d 500.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–291.

Decided June 13, 1997.

*Douglas A. Wilkins,* for appellant.

*Nadine S. Pettiford,* for appellee.

SHERCK, Judge.

This appeal comes to us from a judgment issued by the Toledo Municipal Court. That court denied a landlord's efforts to remove a tenant from a federally subsidized rental unit. Upon review, we conclude that the trial court did not abuse its discretion in rejecting its magistrate's report, which suggests an opposite result. Therefore, we affirm its judgment.

Appellant, Vistula Management Company, leases federally subsidized apartments in a HUD [1] low-income housing project known as Vistula Heritage Village. On November 10, 1995, appellant served a thirty-day notice of termination of lease and tenancy upon one of its tenants, appellee Ocie Newson. The notice listed the grounds for eviction as:

"Material Non–Compliance: Violating the peaceful enjoyment of neighbors/tenants through disturbances, acts of crime, excessive noise by yourself, occupants,

---

[1]. The rent for units in Vistula Heritage Village is subsidized by the United States Department of Housing and Urban Development ("HUD").

or guests, in violation of paragraphs 10.13 section D and 23 section B of the lease."

The violations arose from two alleged "altercations": one, on August 21, 1995, the other on October 23, 1995. The notice requested appellee to leave the premises by December 12, 1995.

On January 24, 1996, appellee, at appellant's request, signed a HUD form entitled "Owner's Certification of Compliance with HUD's Tenant Eligibility and Rent Procedures," which verified appellee's financial and residential status as a tenant at Vistula Heritage Village.

On February 8, 1996, appellant served a "three-day notice" on appellee, requesting appellee to vacate the premises by February 13, 1996. Appellant took no further action against appellee until it filed a complaint for eviction on May 3, 1996.

Following a June 10, 1996 hearing on appellant's suit, the housing court magistrate found that appellee had been involved in two incidents of harassment of another tenant and had been served with the required notices to vacate the premises on November 10, 1995 and February 8, 1996. The magistrate further found that appellant had recertified appellee for low-income housing on January 24, 1996 and that appellee did not assert his right to meet with the landlord to discuss the termination, as set forth in the two notices.

The magistrate concluded that, despite equitable considerations, appellee had breached the terms of the lease and appellant was entitled to restitution of the premises. The magistrate's decision was filed on June 19, 1996 and journalized on June 24,1996.

Appellee filed objections to this decision on July 2, 1996. Appellee objected on the basis that the magistrate had erred when it found that appellee had made no effort to meet with the landlord to resolve problems, that the magistrate had failed to note that appellee had remedied the problem for which he was originally being evicted, and that the decision failed to properly consider the equitable relief requested. No transcript of the magistrate's hearing was filed with the trial court.

On August 13, 1996, the trial court found appellee's first two objections not well taken. However, the court went on to find that the recertification of appellee's status as a subsidized tenant coupled with appellant's three-month delay in bringing an eviction complaint constituted a waiver of the notice of termination. Consequently, the court found appellee's third objection well taken, rejected the magistrate's decision, and ruled that appellant was not entitled to possession of the premises.

Appellant now appeals from that judgment, setting forth the following sole assignment of error:

"The lower court erred in rejecting the magistrate's decision, and denying Vistula Management Company a judgment for possession for [*sic* ] return of 711 Locust unit # 49."

Appellant argues that the trial court erred in rejecting the magistrate's decision for four reasons. For the sake of clarity, we will address appellant's reasons separately.

First, appellant argues that appellee's objections were untimely filed. We note, however, that there is nothing in the record to indicate that appellant opposed the filings as untimely or argued this issue before the trial court. Therefore, we decline to consider it for the first time on appeal. See *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904.

■ Second, appellant claims that the trial court erred in rejecting the magistrate's decision because the court was not provided with a transcript.

Civ.R. 53(E)(4) provides that a magistrate's decision shall be effective when adopted by the court. Upon consideration of any objections to a magistrate's decision, the trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ. R. 53(E)(4)(b).

In addition, an appellate court is precluded from considering a transcript of a magistrate's hearing when the parties failed to provide the transcript to the trial court upon the filing of objections to the magistrate's decision. See *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254, 1256–1257, citing *High v. High* (1993), 89 Ohio App.3d 424, 427, 624 N.E.2d 801, 802–803. The appellate court's review is thus limited to whether the trial court's application of the law to the magistrate's factual findings constituted an abuse of discretion. *Id.*

■ In the present case, appellant argues specifically that, without reviewing a transcript of the proceedings, the trial court erred when it made the factual assumption that appellee was not in default of rent, since appellant's eviction complaint was based only upon noneconomic violations of the lease provisions. While we agree that without support in the record the addition of this fact by the court was error, it was nevertheless harmless, since this factual assumption was in no way pivotal to the court's rejection of the magistrate's decision.

Our examination of the record shows that the trial court simply reviewed the magistrate's findings of fact and arrived at a different conclusion of law concern-

ing appellant's waiver of its notice to vacate. Therefore, even without reviewing a transcript, the trial court did not abuse its discretion in rejecting the magistrate's decision.

In its remaining arguments, appellant contends that the magistrate's decision was supported by applicable law and statutes and the trial court abused its discretion by concluding that appellant had waived its right to evict appellee.

■ Actions by a landlord which are inconsistent with a service of notice to vacate result in a waiver of that notice. *Presidential Park Apts. v. Colston* (App.1980), 17 O.O.3d 220; *Country Squire Apts. v. Morales* (Aug. 7, 1992), Wood App. No. 91WD096, unreported, 1992 WL 185679.

■ In this case, appellant began the eviction process by serving appellee with a thirty-day notice on November 10, 1995. Then, two and one-half months later, appellant recertified appellee's eligibility to HUD.[2] Then, three months after filing its thirty-day notice, appellant continued with the eviction process by serving appellee with a three-day notice. Then, nearly three months after that (nearly six months after filing its thirty-day notice and over three months after recertifying appellee), appellant finally filed its eviction action—an action based on two allegations which occurred eight and one-half and six and one-half months previously.

Within this context, we cannot say that the trial court abused its discretion when it concluded that the act of recertification coupled with the lengthy delay in the filing of the eviction complaint is an action inconsistent with the notice to vacate. Therefore, the trial court did not err by rejecting the magistrate's decision and by ruling that appellant's action constituted a waiver of the required notices.

Accordingly, appellant's sole assignment of error is not well taken.

The judgment of the Toledo Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., and HANDWORK, J., concur.

---

2. The record supports the inference that appellant continued to receive HUD subsidy payments as a benefit of appellee's recertification.