I respectfully dissent from the majority's conclusion that appellant has the right to evict appellee under a new lease based upon unpaid rent due under a former expired lease. As noted by the majority, entering in to a new lease by a landlord is inconsistent with a service of notice to vacate and, thus, waives that notice. Vistula Management Co. v. Newson
(1997), 120 Ohio App.3d 500, 504.
In this case, while the parties' initial eviction action was pending appeal, appellee's lease expired. Despite appellee's refusal to enter into an agreement for repayment of the retroactive rent owed, appellant opted to enter into a renewal of her HUD lease agreement. Although the majority suggests that appellant had no choice but to renew appellee's lease, I have yet to find any law that absolutely requires a HUD landlord to renew a tenant's lease while pursuing eviction. Rather than create an unsubsidized month-to-month holdover tenancy pending appeal, appellant chose to renew the lease so that it could continue receiving government subsidized payments on appellee's behalf, while still intending to pursue the eviction.
In my view, it is inconsistent with established law and unconscionable to permit a landlord to enter into a lease agreement, accept government subsidized payments on behalf of the tenant and refuse to accept properly tendered rent payments from the tenant while still preserving the right to evict the tenant for unpaid rent under the expired prior lease. If appellant did not want to give up the few months of government subsidized rental income while appellee was on holdover, then appellant should be required to accept appellee's rental payments on the new lease and pursue an action for damages based upon the retroactive rent due on the prior lease. In the present case, I would hold that where a tenant has timely tendered payment under a new lease, absent the breach of an agreement to pay rental arrearages, eviction may not be based upon non-payment of past due rents under an earlier expired lease. Accordingly, I would affirm the judgment of the trial court.