OPINION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Wood County Court of Common Pleas, Domestic Relations Division. Appellant, Kurt Kluge, appeals from the trial court's judgment, approving and modifying the decision of the magistrate, which found grounds for divorce and divided the parties' property. For the reasons that follow, we affirm the decision of the trial court.
Appellant filed a pro se brief on June 10, 1998. Appellant set forth a nearly three page assignment of error. In summary, appellant asserts that the decision of the magistrate finding appellant "Guilty of Gross Neglect and Extreme Cruelty" was contrary to law and was not supported by any credible evidence; that the magistrate erred with respect to scheduling and discovery matters; that the trial court's separation of assets was flawed; and that appellant was improperly limited in his cross-examination of appellee.
Initially, on appeal, appellant failed to request the transcript for any proceedings. Eventually, on October 21, 1998, the transcripts from five hearings, were submitted to this court; however, we note that there were at least thirteen other hearings and/or pretrial conferences that were never transcribed. Thereafter, on December 3, 1998, an amended brief was filed on appellant's behalf by counsel.
In his amended brief, appellant asserts two assignments of errors:
"ERROR NO. 1
 "THE TRIAL COURT ABUSED ITS DISCRETION, COMMITTED REVERSIBLE ERROR, AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THE PROPERTY DIVISION WITH RESPECT TO THE VALUATION AND DISTRIBUTION OF MARITAL ASSETS, DEFENDANT'S PARTNERSHIP INTEREST, PENSIONS, AND MARITAL DEBT.
"ERROR NO. 2
 "THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL BY ALLOWING PLAINTIFF-APPELLEE NOT TO MAKE DISCOVERY AND DISTORTING TRIAL PROCEDURE."
In his first assignment of error, appellant argues that the trial court abused its discretion with respect to the property division, that appellant was improperly denied discovery, and that the trial court's decision was against the manifest weight of the evidence. In his second assignment of error, appellant again argues that he was denied discovery, that he was not allowed to cross-examine appellee, that the magistrate directed and controlled appellant's testimony in his case-in-chief, thereby violating his rights, and that the trial court failed to follow the mandatory procedure outlined in Civ.R. 53(E)(3)(4) on the written objections to the magistrate's decision.
Appellee, Ursula Kluge, responded that appellant failed to file a complete transcript of the proceedings and, therefore, his assignments of error cannot be reviewed by this court. We agree.
In the trial court, appellant was obligated to support his objections to the magistrate's factual findings with a transcript of all relevant evidence submitted to the magistrate or an affidavit of that evidence if a transcript was not available. Civ.R. 53(E)(3)(b). Although appellant objected to the magistrate's findings, there is no evidence in the record that the magistrate's hearings were transcribed for the trial court prior to the rendering of its decision or that an extension of time was requested to have the transcript prepared.
In this court, appellant only filed transcripts from five of the eighteen hearings and/or pretrial conferences that were held, as indicated by the court's docket. Two of the transcripts filed were from hearings conducted by a magistrate; however, they were not a complete record of all relevant hearings held by a magistrate. The three remaining transcripts were of hearings held by the trial judge; however, again, they were not a complete record of the hearings conducted by the judge.
We are precluded from considering a transcript of a magistrate's hearing when the parties failed to provide such transcript to the trial court upon the filing of objections to a magistrate's decision. Vistula Mgt. Co. v. Newson (1997),120 Ohio App.3d 500, 503, citing, State ex rel. Duncan v. ChippewaTwp. Trustees (1995), 73 Ohio St.3d 728, 730. Thus, our review is limited to whether or not the trial court's application of the law to the magistrate's factual findings constituted an abuse of discretion. Id.
Because the trial court was not provided the testimony presented to the magistrate, we are unable to review that testimony on appeal. Therefore, we must presume that the testimony and evidence presented supported the factual findings of the magistrate, and, consequently, the judgment of the trial court. See Goodluck v. Chagrin Valley Athletic Club (Dec. 18, 1998), Geauga App. No. 98-G-2122, unreported. Additionally, we find no abuse of discretion with respect to the trial court's application of the law to the magistrate's factual findings.
Furthermore, insofar as appellant objects to other procedural aspects of the trial court proceedings, we find that appellant failed to file a complete transcript for appellate review, as required by App.R. 9(B). See, also, Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp at 199. See, also, Wozniak v.Wozniak (1993), 90 Ohio App.3d 400, 409.
We are unable to fully review the actions of the trial court due to the partial and incomplete record of proceedings. Accordingly, we must presume the regularity of the trial court and accept its judgment with respect to all alleged errors raised by appellant. See Knapp, supra.
Based on the foregoing, we find all of appellant's assignments of error not well-taken. On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 Peter M. Handwork, P.J.____________________________________ JUDGE
 Melvin L. Resnick, J.______________________________________ JUDGE
 Richard W. Knepper, J. _____________________________________ JUDGE
CONCUR.