OPINION
Appellant Peggy Morris appeals the decision of the Court of Common Pleas, Stark County, Domestic Relations Division, which granted a divorce from Appellee Dean Morris. The procedural history of this case is as follows.
Appellant and appellee were married in 1988. On January 31, 1997, appellee filed a complaint for divorce in the trial court. The matter came on for evidence on March 26, 1998, May 7, 1998, June 18, 1998, September 24, 1998 and January 14, 1999, pursuant to the divorce complaint and appellant's counterclaim. The magistrate issued his decision on September 24, 1999. Appellant objected on October 7, 1999, but the trial court approved and adopted the magistrate's decision.
Appellant timely appealed and herein raises the following three Assignments of Error:
 I. THE TRIAL COURT ERRED IN ITS DETERMINATION OF THE VALUE OF CERTAIN ASSETS AND IN ITS DIVISION OF ASSETS.
 A. THE TRIAL COURT'S VALUATION OF VARIOUS AUTOMOBILES AWARDED TO APPELLANT CONSTITUTES AN ABUSE OF DISCRETION.
 B. THE TRIAL COURT'S FINDING VARIOUS AUTOMOBILES AND THE JACKSON NATIONAL LIFE INSURANCE POLICY TO BE MARITAL PROPERTY CONSTITUTES AN ABUSE OF DISCRETION.
 C. THE TRIAL COURT'S DISTRIBUTIVE AWARD TO THE APPELLEE CONSTITUTES AN ABUSE OF DISCRETION.
 II. THE TRIAL COURT ERRED IN ADMITTING HEARSAY EVIDENCE AS TO THE VALUE OF VARIOUS AUTOMOBILES AWARDED TO APPELLANT.
 III. THE TRIAL COURT'S FINDING THAT APPELLANT ENGAGED IN FINANCIAL MISCONDUCT CONSTITUTES AN ABUSE OF DISCRETION.
 I, II, III
In each Assignment of Error herein, appellant asserts that the trial court abused its discretion in making various findings or allowing certain evidence, all in regard to marital property valuation. As indicated, this case involved several evidentiary hearing sessions before the magistrate, whose decision was approved following a Civ.R. 53 objection. We initially note that the trial court assessed the testimony before the magistrate by "review[ing] the tapes." Judgment Entry, November 29, 1999, at 1. Additionally, the record does not reveal a request for a transcript until after the filing of the judgment entry under appeal.
This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. See State v. Leite (April 11, 2000), Tuscarawas App. No. 1999AP090054, unreported; Fogress v. McKee (Aug. 11, 1999), Licking App. No. 99CA15, unreported; Strunk v. Strunk (Nov. 27, 1996), Muskingum App. No. CT96-0015, unreported. Our review is thus limited to whether the trial court's application of the law to the magistrate's factual findings constituted an abuse of discretion. Vistula Mgt. Co.v. Newson (1997), 120 Ohio App.3d 500, 503, citing State ex rel. Duncanv. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730. As with other jurisdictions in Ohio, "[w]e go to these lengths because of the frequency with which we are beset with the problem before us in the instant case — error is assigned to the adoption of a referee's report without a transcript of the pertinent part of the proceedings provided to the trial court." Helton v. Helton (1994), 102 Ohio App.3d 733, 737.
We recently displayed our regard for the value of transcript preparation in Bernard v. Bernard (Aug. 10, 1998), Tuscarawas App. No. 97 CA 67, unreported. In that case, the appellant sought an extension of time from the trial court to acquire and prepare a transcript for purposes of filing objections to the magistrate's decision. The trial court denied her motion, even though the request for an extension of time was within the fourteen-day period for filing objections. We found a clear abuse of discretion in the denial by the lower court, succinctly holding "[t]he transcript is necessary for a meaningful review of appellant's objections." Id. at 2.
We are cognizant that the Appellate Rules are to be liberally construed to protect the rights of appeal and assist litigants in obtaining justice. See, e.g., Maritime Manufacturers, Inc. v. Hi-Skipper Marina
(1982), 70 Ohio St.2d 257. However, the Rules make no provision for the method of evidentiary review utilized below, and appellants challenging an objection ruling made without benefit of a transcript must pursue an appeal at their own peril. Moreover, a method of judicial review "via audio tape" creates a dilemma for the non-objecting party, who may be rigorously expected at the objection hearing to truthfully revive testimonial minutiae from the magistrate's hearing without a valid written source.
Therefore, under our limited review as outlined herein, we find no abuse of discretion in the trial court's application of the law to the magistrate's factual findings. Appellant's Assignments of Error are overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
 ______________________________ Wise, J.
Gwin, P.J., and Reader, V. J., concur.