OPINION
Appellant Anna E. Weston appeals the decision of the Court of Common Pleas, Stark County, Family Court Division, granting her a divorce from Appellee David A. Weston. The relevant history of this case is as follows.
Appellant and appellee were married on August 17, 1974 in Canton, Ohio. Two children were born as issue of the marriage, Terri and Staci. Appellant filed a complaint for divorce on July 15, 1998. Following proceedings before a magistrate, a recommendation to the court was issued on December 29, 1999. Appellant filed an objection to the magistrate's decision on January 12, 2000. The trial court judge, following hearing, rendered a judgment entry on February 23, 2000, which overruled appellant's objections and adopted the decision of the magistrate. Among the findings of the judge was the following: "The court has considered arguments of both counsel and reviewed the entire record in this case. There is no transcript of proceedings prepared or available for the court's review." Id.
Appellant filed a notice of appeal on March 22, 2000. She herein raises the following two Assignments of Error:
 I. THE TRIAL COURT'S DENIAL OF SPOUSAL SUPPORT TO THE APPELLANT CONSTITUTES AN ABUSE OF DISCRETION, CONTRARY TO RC 3105.18 AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT IN ITS DIVISION OF MARITAL PROPERTY, DISTRIBUTION AWARD AMOUNTS (SIC) TO AN ABUSE OF DISCRETION CONTRARY TO RC 3105.171.
 I, II
Generally, a review of a trial court's division of marital property is governed by an abuse of discretion standard. Martin v. Martin (1985),18 Ohio St.3d 292, 294, 480 N.E.2d 1112. A review of a trial court's decision relative to spousal support is likewise governed by a standard of abuse of discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131, 541 N.E.2d 597. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely and error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
The record in the case sub judice does not reveal a request for a transcript until after the filing of the judgment entry under appeal. This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. See State v. Leite (April 11, 2000), Tuscarawas App. No. 1999AP090054, unreported; Fogress v. McKee (Aug. 11, 1999), Licking App. No. 99CA15, unreported; Strunk v. Strunk (Nov. 27, 1996), Muskingum App. No. CT96-0015, unreported. Our review is thus limited to whether the trial court's application of the law to the magistrate's factual findings constituted an abuse of discretion. Vistula Mgt. Co. v.Newson (1997), 120 Ohio App.3d 500, 503, citing State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730.
The magistrate made the following hereinafter established findings of fact. The duration of the marriage was twenty-four years and six months. Both parties are in good health, although appellant has taken antidepressant medication and has been treated for high blood pressure. A stipulation was reached so as to grant appellant the status of primary residential parent. Both parties have been employed at Nickles Bakery since approximately 1972, although appellant did not work there for a period from 1984 to 1990. Appellant's 1999 estimated income was $23,767; appellee's corresponding income was $30,766. The marital residence was valued at $85,000, subject to a mortgage of $54,000 with payments being $591 per month. The motor vehicles owned by the parties consist of a 1991 pickup truck and a 1991 Ford Probe. Finally, appellant has two pension plans, with amounts subject to equitable distribution of $13,760, and $9,357 respectively, and a 401(K) plan worth $10,775. The equitable distribution value of appellee's pension is $50,897. Each party had also incurred various credit card and/or unsecured debts.
Appellant specifically challenges the trial court's adoption of the magistrate's recommendation to award no spousal support and to order appellant to pay the house mortgage, taxes, and insurance, while mandating that the house be sold and the resulting proceeds be divided after the younger child graduates. Upon review of the magistrate's thorough findings and recommendations, and therein noting, inter alia, that appellant was allowed to maintain full interest in her aforecited pension funds plus twenty-five percent of appellee's pension benefits, as well as the right to continue residence in the home while Staci completes high school, we find no clear abuse of discretion in the trial judge's application of R.C. 3105.18 and R.C. 3105.171 to the facts recited therein. Blakemore, supra.
Appellant's Assignments of Error are therefore overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Family Court Division, is hereby affirmed.
Wise, J.
Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
CASE NO. 2000CA00084
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.