JOURNAL ENTRY AND OPINION
{¶ 1} This appeal arises from a contentious landlord-tenant dispute.
{¶ 2} Plaintiff-landlord originally filed her complaint against defendant-tenant for past due rent and property damage to the premises located at 3176 West 73rd Street, Cleveland, Ohio. Tenant filed a counterclaim alleging constructive eviction, landlord's breach of her statutory duties as a landlord, unlawful retention of tenant's security deposit, retaliation by landlord, and landlord's unlawful entry into her apartment. The counterclaim sought money damages and attorney fees.
{¶ 3} The matter was referred to a magistrate for hearing and resolution. On June 15, 1999, the matter came on for trial during which both parties submitted evidence in support of their respective positions. The magistrate made the following report:
{¶ 4} MAGISTRATE'S REPORT AND RECOMMENDATION
{¶ 5} * * *
{¶ 6} STATEMENT OF FACTS:
 {¶ 7} 1. The parties stipulated that an oral agreement existed to rent the premises located at 3176 W. 73rd Street.
 {¶ 8} 2. The monthly rent was initially $375.00 per month and a security deposit of $375.00 was paid.
 {¶ 9} 3. The rent was subsequently raised to $400.00 per month.
 {¶ 10} 4. It was stipulated that the defendant deposited September and October rents with the Clerk of Court.
 {¶ 11} 5. The Defendant vacated the the premises on October 14, 1999.
 {¶ 12} 6. The security deposit was not returned as stipulated by the parties.
 {¶ 13} 7. In September of 1998 the property was inspected by City of Cleveland Building and Housing. Inspector Sucic noted violations emanating from the poor condition of the electrical wiring in the basement.
 {¶ 14} 8. Plaintiff paid $2000.00 to remedy this situation.
 {¶ 15} 9. Defendant denied liability for the condition of the wiring.
{¶ 16} 10. Both parties testified at trial.
 {¶ 17} 11. Both parties called several witnesses.
 {¶ 18} 12. Exhibits introduced into evidence include the rental agreement, a contract for repairs, receipts, and photos. Defendant introduced several documents, pictures and videotape as exhibits and they also were admitted into evidence.
{¶ 19} CONCLUSION OF LAW AND FACTS:
{¶ 20} * * *
 {¶ 21} The court is satisfied that the Plaintiff has sustained the burden of proof that the Defendant damaged the property by altering the wiring in the basement. However, some of the damage was due to the age of the wiring. The plaintiff has not sustained her burden as to proving the depreciated value of the wiring. * * *
 {¶ 22} The court is not persuaded that the defendant caused the other damage for which Plaintiff complained except broken window frame in bedroom. * * *.
 {¶ 23} * * * Since the Plaintiff is not eligible to recover for damages no attorney fees can be recovered.
 {¶ 24} * * * The Defendant now asserts that the Plaintiff and her child violated her privacy by not giving adequate notice upon entering the premises. Some items were missing after one of Plaintiff's son's visits. The court is not persuaded that Plaintiff violated 5321.04 of the Ohio Revised Code and no evidence was presented to document the value of said items. Defendant has failed to prove this count of her counterclaim by a preponderance of the evidence.
 {¶ 25} Defendant claims that the Plaintiff raised the rent in retaliation for her complaints about the condition of the property. The evidence presented directly contradicts this claim. * * *
{¶ 26} * * *
 {¶ 27} * * * The Defendant has failed to prove her counterclaim by a preponderance of the evidence.
 {¶ 28} The court has stated that attorney fees are only due when a tenant prevails on his/her claim for damages for wrongfully withheld security deposit. * * *
 {¶ 29} In this case the landlord has properly withheld the security deposit because of the existence of the setoffs due to rent owed. No attorney fees are awarded.
{¶ 30} * * *
{¶ 31} JUDGMENT:
 {¶ 32} Judgment for Defendant in the amount of Five hundred eighty dollars and sixty-one cents ($580.61). Each party to bear his or her own costs. Judgment to be satisfied from funds on deposit with the Clerk of Court's. Balance of funds totaling $161.89 ($750.00-$580.61-$7.50) less poundage to be disbursed to Plaintiff.
{¶ 33} Both parties filed objections to the magistrate's decision. On July 25, 2000, the court overruled the parties' objections and entered a judgment entry adopting all of the magistrate's findings.[1]
{¶ 34} Landlord attempted to object to the entry by filing a motion for new trial. Tenant opposed landlord's motion and argued the regularity of the proceedings held before the magistrate. After the trial court denied landlord's motion on March 27, 2001,[2] tenant then filed a motion to strike landlord's motion for new trial, partly on the basis that landlord filed a frivolous action. The court denied tenant's motion as well. Tenant and landlord filed a timely appeal and cross-appeal, respectively.[3]
{¶ 35} At the outset of this appeal, we are compelled to comment on the notices of appeal filed by both parties. In her notice of appeal, tenant states that she is appealing from the order disposing of motion for a new trial under Civ.R. 59(B) and of motion vacating or modifying a judgment by an objection to a magistrate's decision under Civ.R. 53(E)(4)(c) entered in this action on the 27th day of March, 2001.
{¶ 36} Landlord's notice of appeal states that she is filing a cross appeal from the order disposing of her motion for new trial and of her motion to vacate or modify judgment by objection to the magistrate's decision, entered by this court on or about the 27th day of March, 2001 * * *. In the order referred to in both notices of appeal, the trial court denied landlord's motion for new trial and tenant's motion to strike and for attorney fees.
{¶ 37} Both tenant and landlord expressly state that they are appealing the court's order of March 27, 2001. Yet in their respective briefs, which collectively contain sixteen assignments of error, only three of the claimed errors actually address the court's March 27, 2001 order.[4] The remaining assignments, which number thirteen, all claim errors committed either by the magistrate during the hearing held on June 15, 1999, or by the court in its July 25, 2000 judgment entry adopting the magistrate's findings. Clearly, the parties' notices of appeal are not consistent with the subject matter of their briefs. The threshold inquiry is whether this court even has jurisdiction over any of the claims unrelated to the March 27, 2001 order.
{¶ 38} App.R. 3(D) states in part:
 {¶ 39} The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.
{¶ 40} In Parks v. Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426,602 N.E.2d 674, this court held that a court of appeals lacks jurisdiction to review a judgment or order not designated in the notice of appeal. In that decision, we had no jurisdiction to address either of appellant's assignments of error, because appellant's notice of appeal designated only the trial court's order imposing sanctions against appellant's attorney as the order or judgment appealed from.
{¶ 41} However, the Ohio Supreme Court has explained that the appellate rules, particularly App.R. 3(C),[5] are to be construed liberally to protect the appeal:
 {¶ 42} This court has long recognized that, in construing the Rules of Appellate Procedure, the law favors and protects the right of appeal and that a liberal construction of the rules is required in order to promote the objects of the Appellate Procedure Act and to assist the parties in obtaining justice. * * * The legislative purpose throughout the act was obviously to liberalize procedure upon appeals and to prevent technicalities from being fatal to substantive rights. An examination of the prior decisions of this court reveals that this court has consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of a notice of appeal is challenged solely on technical, procedural grounds. * * * A careful review of the record in this case clearly indicates that neither the Court of Appeals nor the appellee can pretend that it was not fully advised by this notice of appeal of just what appellants were undertaking to appeal from. (Emphasis added).
{¶ 43} Maritime Manufacturers, Inc. v. Hi-Skipper Marina (1982),70 Ohio St.2d 257, 258-259, 436 N.E.2d 1034, citing In re Guardianship of Love (1969), 19 Ohio St.2d 111, 115. Specifically, the Supreme Court held that although the notice of appeal mistakenly specified that the appeal was taken from the underlying motion for new trial, the assignment of error challenged the final judgment on the merits. The Supreme Court found this error harmless and ordered the appeal to be treated as if arising from the final judgment. See, also, In re Guardianship of Wisner (1947), 148 Ohio St. 31, 34-35; Couk v. Ocean Accident Guar. Corp., Ltd. (1941), 138 Ohio St. 110, 115.
{¶ 44} In the case at bar, neither notice is properly focused. Viewing the notices in light of the parties' briefs and their respective assignments of error, we are convinced that both parties are appealing the court's final judgment order of July 25, 2000, adopting the magistrate's decision, as well as the March 27, 2001, order denying both landlord's motion for new trial and tenant's motion to strike and for attorney fees. We turn now to tenant's eight assignments of error.
{¶ 45} I. Tenant-Appellant's Assignments of Error.
{¶ 46} First, we address the errors alleged to have been committed either by the magistrate or by the court in its order of July 25, 2000. Tenant has designated these errors as follows:
 {¶ 47} I. THE TRIAL COURT ERRED IN FAILING TO AWARD DAMAGES TO APPELLANT-TENANT FOR BREACH OF APPELLEE-LANDLORD'S STATUTORY DUTIES UNDER R.C. 5321.04(A)(1), (2), (3), (4), AND (6).
 {¶ 48} II. THE TRIAL COURT ERRED IN REFUSING TO AWARD ANY DAMAGES PURSUANT TO R.C. 5321.04(A)(8) FOR UNANNOUNCED AND UNREASONABLE ENTRIES BY APPELLEE-LANDLORD AND HER EMPLOYEES/AGENTS THAT RESULTED IN MISSING PERSONAL PROPERTY OF APPELLANT-TENANT.
 {¶ 49} III. THE TRIAL COURT ERRED IN FINDING THAT THE LANDLORD DID NOT RETALIATE AGAINST THE APPELLANT-TENANT BY ATTEMPTING EVICTION, RAISING THE RENT AND TURNING OFF THE TENANT'S WATER FOR HER COMPLAINTS OF THE CONDITIONS OF THE PREMISES TO THE LANDLORD.
 {¶ 50} IV. THE TRIAL COURT ERRED IN ITS DISCRETION IN REFUSING TO AWARD DAMAGES AND ATTORNEY FEES FOR PLAINTIFF LANDLORD [SIC] FAILURE TO RETURN DEFENDANT-TENANTS [SIC] SECURITY DEPOSIT.
 {¶ 51} V. THE TRIAL COURT ERRED IN FAILING TO AWARD APPELLANT-TENANT DAMAGES FOR LANDLORD'S BREACH OF COVENANT OF QUIET ENJOYMENT WHERE LANDLORD AND SON ENTERED APPELLANT'S PREMISES UNREASONABLY AND WITHOUT PERMISSION, AND REMOVED HER PERSONAL PROPERTY IN VIOLATION OF R.C. 5321.04(A)(6)-(8).
 {¶ 52} VI. THE TRIAL COURT ERRED IN REFUSING TO AWARD DAMAGES TO APPELLANT FOR HER LANDLORD'S REFUSAL TO LET THE TENANT'S MINOR CHILD OUTSIDE OF THE PREMISES WITHOUT A PARENT.
{¶ 53} Because all these claimed errors relate to the magistrate's findings, tenant's objections thereto, and the trial court's adoption of the findings in its July 25th entry, we address them together. We first note that in the lower court tenant conceded that no new trial was necessary, because the court's decision was supported by the manifest weight of the evidence and was not contrary to law. (Tenant's brief in opposition to landlord's motion for new trial).
{¶ 54} We underscore tenant's further acknowledgment that the trial was proper in all respects. In her motion to strike and for attorney fees, tenant justified her request for an award of attorney fees on the basis that landlord's motion for new trial was frivolous.
{¶ 55} Given tenant's admissions below of the absence of error, we conclude that tenant has waived any claimed error regarding the conduct of the trial. State v. Smith (1997), 80 Ohio St.3d 89; 684 N.E.2d 668; State v. Williams (1997), 51 Ohio St.2d 112, 364 N.E.2d 1364. We thus affirm the court's decision to deny tenant's motion for a new trial. As to tenant's challenge of the court's findings and conclusions, there is no record in this case to support any of tenant's claims. It is well settled that appellate review is confined to the record developed in the trial court. App.R. 9.
{¶ 56} In Yancey v. Haehn (Mar. 3, 2000), Geauga App. No. 99-G-2210, which involved a landlord-tenant dispute, the court stated:
 {¶ 57} Under Civ.R. 53(E)(3)(b), parties are required to support any objection to a magistrate's decision with "a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Failure to provide an acceptable record to the trial court permits the trial court to ignore any objections to factual matters that may have been challenged.
{¶ 58} In State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730, 654 N.E.2d 1254, the Ohio Supreme Court held:
 {¶ 59} When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report * * *.
{¶ 60} In the case at bar, tenant provided no transcript of the evidence. As noted by the trial court, findings of facts and conclusions of law were issued and thus constitute the record in this matter, pursuant to App.R. 9(C).
{¶ 61} The problem tenant faces here is that, because she did not file a transcript of the June 15, 1999 hearing, she is bound by the very findings she is attempting to object to. This court has nothing independent of the magistrate's own findings from which to make an evaluation of tenant's claims.
 {¶ 62} Under these circumstances an appellate court is to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion.
{¶ 63} Duncan, supra.
{¶ 64} Each of tenant's assigned errors in the case at bar is based upon facts she claims the court misconstrued or misapplied during the hearing. Tenant's arguments, therefore, present this court with mixed questions of fact and law, questions which require a transcript of the hearing in order to reach the merits of her claims. Civ.R. 53(E)(3)(b); Vistula Mgmt. Co. v. Newson (1997), 120 Ohio App.3d 500, 698 N.E.2d 467; See Purpura v. Purpura (1986), 33 Ohio App.3d 237, 239, 515 N.E.2d 27.
{¶ 65} Without a transcript, moreover, the trial court was prevented from conducting any de novo review to consider objections tenant made to the magistrate's decision. Cork v. Bray (1990), 52 Ohio St.3d 35,39, 555 N.E.2d 936. Because tenant did not file a transcript, we must presume the regularity of the proceedings and that the facts were correctly interpreted. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19-20, 520 N.E.2d 564.
{¶ 66} Furthermore, tenant has not argued there is any inconsistency between the court's findings and conclusions. We conclude, therefore, that the trial court did not misapply the law or abuse its discretion in adopting the magistrate's recommendation. Boggs v. Boggs (1997), 118 Ohio App.3d 293, 301, 692 N.E.2d 674. Accordingly, tenant's assignments of error Nos. I through VI are without merit and overruled.
{¶ 67} Tenant's assignments of error Nos. VII and VIII are interrelated and will be discussed together.
 {¶ 68} VII. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE, PREJUDICIAL ERROR BY FAILING TO HOLD AN EVIDENTIARY HEARING THAT IS MANDATED BY R.C. 2323.51(B)(2) ON APPELLANT'S MOTION FOR SANCTIONS UNDER THIS STATUTE.
 {¶ 69} VIII. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE, PREJUDICIAL ERROR BY OVERRULING APPELLANT'S MOTION MADE PURSUANT TO OHIO RULE 11, CIVIL PROCEDURE WITHOUT HOLDING AN EVIDENTIARY HEARING.
{¶ 70} In these assignments tenant contends the trial court erred in failing to hold a hearing on her motion to strike and for attorney fees. We disagree.
{¶ 71} R.C. 2323.51 governs awards of attorney's fees as a sanction for frivolous conduct, which was the basis of her claim. The statute provides, in relevant part, as follows:
 {¶ 72} (A)(1) * * * "Conduct" means any of the following:
 {¶ 73} (a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, or the taking any other action in connection with a civil action;
{¶ 74} * * *
 {¶ 75} (2) "Frivolous conduct" means either of the following:
 {¶ 76} (a) Conduct of * * * [a] party to a civil action, * * * or of * * * [an] other party's counsel of record that satisfies either of the following:
 {¶ 77} (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 (ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
{¶ 78} A trial court's decision to grant or to deny a request for attorney fees will not be disturbed absent an abuse of discretion. To find an abuse of discretion requires that we find the court's attitude unreasonable, arbitrary, or unconscionable. The Supreme Court has held that to constitute a reversible abuse of discretion,
 {¶ 79} the trial court's decision must be more than an error of law or judgment; its ruling must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.
{¶ 80} Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254,256, 662 N.E.2d 1.
{¶ 81} R.C. 2323.51(B)(1) authorizes the court to:
 {¶ 82} * * * award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to a party to the civil action or appeal who was adversely affected by frivolous conduct.
{¶ 83} R.C. 2323.51 does not require a trial court to hold a hearing before denying a motion for an award of sanctions. Justice v. Lutheran Soc. Serv. of Central Ohio (1992), 79 Ohio App.3d 439, 444,607 N.E.2d 537; Gregory v. Gottlieb (Jan. 20, 2000), Cuyahoga App. No. 76740. The court must conduct a hearing only on those motions which demonstrate arguable merit. If the trial court determines that no basis exists for the imposition of sanctions, it may deny the motion without a hearing. Justice, supra.
{¶ 84} As this court stated in Neumann v. Shimko (Mar. 16, 2000), Cuyahoga App. No. 75940,
 {¶ 85} * * * a hearing is mandatory under R.C. 2323.51 only when sanctions are imposed and is not necessary when the court determines, upon consideration of the motion and in its discretion, that it lacks merit.
{¶ 86} The record before us reveals that the court reviewed briefs from counsel in connection with the motion for sanctions and then denied it. Because the court denied the motion for sanctions, it had no obligation to conduct a hearing, especially on a motion for attorney fees premised on sanctions not ordered. Therefore, the court did not err in failing to hold a hearing on that motion.
{¶ 87} Tenant also maintains the court abused its discretion in denying her motion, pursuant to Civ.R. 11, to strike landlord's motion for new trial. In relevant part, Civ.R. 11 provides as follows:
 {¶ 88} Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and attorney registration number, if any, shall be stated. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.
{¶ 89} The language of Civ.R. 11, particularly the use of the word "may," makes discretionary the court's power to impose sanctions against an attorney for willful violations of the rule. Harris v. Southwest Gen. Hosp. (1992), 84 Ohio App.3d 77, 616 N.E.2d 507; McDonald v. Berry (1992), 84 Ohio App.3d 6, 616 N.E.2d 248; Stevens v. Kiraly (1985),24 Ohio App.3d 211, 494 N.E.2d 1160; Sweeney v. Hunter (1991),76 Ohio App.3d 159, 601 N.E.2d 166.
{¶ 90} The essence of a Rule 11 violation is the filing of a false or sham document. The violation must also be shown to have been willful.
{¶ 91} In the case at bar, the trial court provided a very clear explanation of its decision to deny sanctions:
 {¶ 92} Defendant argues the plaintiff's pursuit of relief even after being informed of the restrictions imposed by Cranfield v. Lauderdale (1994), 94 Ohio App.3d 426, constituted frivolous conduct. The Court disagrees. It is the experience of this court the implications of Cranfield are unknown or confusing to a significant segment of the bar, and that imposing sanctions in the present case would be inconsistent with the Court's prior rulings regarding Cranfield.
 {¶ 93} Defendant also argues that sanctions are appropriate because plaintiff allegedly wrote defendant telling her she would accept rent payment if defendant would drop her counterclaim. This conduct, if it occurred, simply constitutes negotiation, and does not rise to the level of sanctionable conduct.
 {¶ 94} Finally, defendant seeks the imposition of sanctions citing a series of motions filed by defendant and subsequently overruled by the Court. The mere denial or overruling of a motion does not render its filing conduct warranting sanction. * * * Having failed to establish sanctionable conduct, defendant's motion is denied.
{¶ 95} We agree with this analysis. The trial court did not find any willful violations and, therefore, appropriately determined that there was no basis for imposing sanctions under Civ.R. 11. Accordingly, the trial court did not err in denying tenant's motion without holding a hearing. We find no abuse of discretion in the trial court's decision to deny appellant's motion to strike and for attorney fees. Tenant's assignments of error Nos. VII and VIII are overruled.
{¶ 96} II. Landlord-Cross-Appellant's Assignments of Error.
{¶ 97} In her cross-appeal, landlord assigns eight assignments of error. Because assignments of error Nos. II through VIII are related, they will be addressed together.
 {¶ 98} II. THE MAGISTRATE AND THE COURT ERRED IN FAILING TO AWARD PLAINTIFF DAMAGES AND IN AWARDING DAMAGES TO DEFENDANT.
 {¶ 99} III. A MAGISTRATE WHO FAILS TO ORDER A RECORD AND RELIES ONLY ON HIS OWN NOTES AND MEMORY SHOULD NOT BE PERMITTED TO DELAY MORE THAN NINE MONTHS AFTER HEARING A MATTER BEFORE RENDERING HIS DECISION.
 {¶ 100} IV. THE MAGISTRATE ERRED IN MAKING DETERMINATIONS TOTALLY UNSUPPORTED BY EVIDENCE AND CONTRARY TO THE FACTS.
 {¶ 101} V. THE COURT ERRED IN HOLDING THAT A TENANT MAY WITH IMPUNITY DAMAGE A RESIDENCE THEREBY FORCING A LANDLORD TO UPGRADE IT.
 {¶ 102} VI. THE CLERK OF COURTS MAY NOT ACCEPT RENT DEPOSITED NOT WITHIN THE PURVIEW OF R.C. 5321.07, WHEN DEPOSIT IS MADE BY TENANT SOLELY BECAUSE A LANDLORD REFUSES SAME IN ORDER TO NOT PREJUDICE HIS FORCIBLE ENTRY AND DETAINER ACTION.
 {¶ 103} VII. THE COURT ERRED IN FAILING TO AWARD THE LANDLORD DAMAGES AND ATTORNEY FEES PURSUANT TO R.C. SECTION 5321.9(D).
 {¶ 104} VIII. THE COURT ERRED IN FAILING TO GRANT THE LANDLORD A HEARING ON THE REQUEST FOR RETURN OF RENT ON DEPOSIT WITHIN SIXTY DAYS OF DECEMBER 8, 1999.
{¶ 105} Each of landlord's assignments relate to errors allegedly committed by the magistrate. In reviewing these claimed errors, the trial court noted,
 {¶ 106} Plaintiff has also raised objections to the magistrate's report. An important aspect of the Court's analysis of Plaintiff's objections is the fact that Plaintiff makes frequent references to testimony given at trial. There [sic] references are, however, unsupported by affidavit or by a transcript of the testimony as required by Civil Rule 53(E) and are, therefore, excluded from the Court's evaluation of the merits of Plaintiff's objections.
{¶ 107} * * *
 {¶ 108} For its third and final objection, the Plaintiff argues that she is entitled to attorney's fees * * *. There being no finding of damages in the present case, there is no basis for an award of damages.
{¶ 109} As we said earlier, the party objecting to a magistrate's findings, pursuant to Civ.R. 53(E)(3)(b), must demonstrate the basis of those objections through the record.
{¶ 110} In the case at bar, landlord, like tenant, did not file a transcript of the June 15, 1999 hearing. As a result, landlord is also bound by the findings of fact and conclusions of law set forth in the magistrate's decision and later adopted by the trial court in its entry of July 25, 2000. To the extent landlord exclusively relies upon evidence from the hearing, each of her assignments of error fails. Without a transcript of the hearing, the trial court did not err in deciding that landlord is unable to demonstrate any error. State ex rel. Duncan v. Chippewa Twp. Trustees, supra; Rose Chevrolet, Inc., supra. Accordingly, landlord's assignments of error II through VIII are not well-taken.
{¶ 111} Landlord's first assignment of error follows:
 {¶ 112} I. THE COURT ERRED IN DETERMINING THAT THE FILING OF OBJECTIONS TO THE DECISION OF THE MAGISTRATE PREVENTED CROSS-APPELLANT FROM TIMELY FILING OF A MOTION FOR NEW TRIAL, OR, IN THE ALTERNATIVE, THAT A LITIGANT COULD NOT OBJECT TO A MAGISTRATE'S DECISION.
{¶ 113} Landlord argues that she should have been permitted to request a new trial after her previous objections to the magistrate's findings had been denied. We do not agree, because the motion is simply a recapitulation of landlord's objections to the magistrate's findings, not really a request for a new trial. Moreover, even if we were to review landlord's motion as one for a new trial, it is fatally flawed because we have no transcript from the proceedings held before the magistrate to support any errors supposedly committed during that proceeding.
{¶ 114} In Euclid Beach Ltd. v. Brockett (Dec. 9, 1999), Cuyahoga App. No. 75047, this court stated the standard we must follow:
 {¶ 115} Regarding a motion for new trial, absent clear evidence that the trial court acted unreasonably, unconscionably, or arbitrarily and rendered a decision which is clearly wrong and without legal basis, the trial court's decision must be affirmed. See Castlebrook, Ltd. v. Dayton Properties (1992), 78 Ohio App.3d 340, 604 N.E.2d 808.
{¶ 116} In the case at bar, landlord's motion for new trial was filed after the trial court had overruled her objections to the magistrate's decision. Landlord does not criticize the conduct of the trial itself. In the motion, landlord, again, argued various errors only in the decision the magistrate made. Though captioned a motion for new trial, landlord's document is really nothing more than a request for reconsideration. Motions for reconsideration in the trial court, however, are nullities. Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378, 423 N.E.2d 1105. Cross-Appellant's first assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and MICHAEL J. CORRIGAN, J., CONCUR IN JUDGMENT ONLY.
[1] A portion of the court's entry was later modified, nunc pro tunc, but it is not pertinent here.
[2] We note an error in the trial court's judgment entry of March 27, 2001. The court says landlord's motion for new trial was not timely filed from the entry of judgment on March 15, 2000. A trial court's entry adopting a magistrate's report is not a final appealable order until any timely objections are ruled on by the court. In this case, the date of the entry that was final and appealable is July 25, 2000 when the court overruled the parties' objections to the magistrate's report, not the March 15, 2000 date used by the trial court.
[3] The trial court adopted the magistrate's decision on July 25, 2000; defendant filed a motion for new trial within fourteen days, on August 8.
[4] Tenant's Assignments of Error Nos. VII AND VIII and landlord's Assignment of Error No. I.
[5] By amendment in July 1992, this section of the rule became section 3(D). App.R. 3(C), which exclusively addresses cross appeals, was added as a new division to the rule.